Jeffrey M. Daitz (JD-0223)
Elana Ben-Dov (EB-6795)
PECKAR & ABRAMSON, P.C.
70 Grand Avenue
River Edge, New Jersey 07661
Tel: (201) 343-3434
Fax: (201) 343-6306
Email: jdaitz@pecklaw.com
Email: eben-dov@pecklaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYA GORELIK, on behalf of herself and all others similarly situated, | Docket No. 08-cv-2011 (JG) (RML) |
| Plaintiffs, | ECF Case – Filed Electronically |
| v. | |
| HOME ATTENDANT SERVICES OF HYDE PARK a/k/a H.A.S., LANA NEMIROVSKY, and other similarly situated H.A.S. supervisors, | |
| Defendants. | |

---

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

PECKAR & ABRAMSON, P.C.
*Attorneys for Defendants*
70 Grand Avenue
River Edge, New Jersey 07661
Tel: (201) 343-3434

On the Brief:
Elana Ben-Dov, Esq.

# **TABLE OF CONTENTS**

page

PRELIMINARY STATEMENT ...................................................................1

PROCEDURAL HISTORY..........................................................................2

STATEMENT OF FACTS ...........................................................................2

LEGAL ARGUMENT...................................................................................3

SUMMARY JUDGMENT DISMISSING THE FIRST, SECOND, THIRD,
FOURTH, SIXTH, TENTH, AND ELEVENTH CLAIMS IN THEIR
ENTIRETY AND DISMISSING THE FIFTH AND EIGHTH CLAIMS
IN PART IS APPROPRIATE BECAUSE PLAINTIFF CANNOT
GENUINELY DISPUTE THAT THEY ARE BARRED AS A MATTER OF LAW ..............3

I.      STANDARD FOR SUMMARY JUDGMENT............................................3

II.     THE FIRST CLAIM FOR RETALIATORY TERMINATION UNDER
        THE NEW YORK WORKER'S COMPENSATION LAW MUST BE
        DISMISSED AS BARRED UNDER ITS STATUTORY EXCLUSIVE
        REMEDY PROVISIONS AND AS TIME-BARRED ...................................4

III.    THE SECOND CLAIM FOR INTENTIONAL INFLICTION OF
        EMOTIONAL DISTRESS MUST BE DISMISSED AS BARRED UNDER
        ITS STATUTORY EXCLUSIVE REMEDY PROVISIONS AND AS
        TIME-BARRED ...........................................................................5

IV.     THE THIRD CLAIM TO THE EXTENT IT ALLEGES
        RETALIATORY TERMINATION UNDER TITLE VII MUST
        BE DISMISSED AS TIME-BARRED..................................................6

V.      THE THIRD CLAIM TO THE EXTENT IT ALLEGES
        RETALIATORY TERMINATION UNDER THE NEW YORK
        CIVIL SERVICE LAW MUST BE DISMISSED ......................................7

VI.     THE FOURTH CLAIM FOR RETALIATORY TERMINATION
        UNDER THE FMLA MUST BE DISMISSED AS TIME-BARRED
        IN ITS ENTIRETY ........................................................................7

VII.    THE FIFTH CLAIM FOR UNPAID WAGES AND OVERTIME
        UNDER THE FLSA MUST BE DISMISSED AS TIME-BARRED
        TO THE EXTENT IT ALLEGES NON-WILLFUL VIOLATIONS............................8

VIII.   THE SIXTH CLAIM FOR UNPAID WAGES AND OVERTIME
        UNDER THE NEW YORK MINIMUM WAGE LAW MUST
        BE DISMISSED ...................................................................................................8

IX.     THE EIGHTH CLAIM UNDER THE NEW YORK LABOR LAW
        MUST BE DISMISSED TO THE EXTENT IT ALLEGES IMPROPER
        WITHHOLDINGS ..............................................................................................10

X.      THE TENTH CLAIM FOR NEGLIGENT HIRING AND SUPERVISION
        UNDER NEW YORK COMMON LAW MUST BE DISMISSED AS
        BARRED UNDER THE EXCLUSIVE REMEDY PROVISIONS OF THE
        NEW YORK WORKER'S COMPENSATION LAW ...............................................11

XI.     THE ELEVENTH CLAIM FOR RETALIATORY REDUCTION IN PAY
        AND TERMINATION UNDER THE FLSA MUST BE DISMISSED AS
        TIME-BARRED IN ITS ENTIRETY .......................................................................11

CONCLUSION ...........................................................................................................12

# TABLE OF AUTHORITIES

Cases                                                                                                  page

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986) ....................................3

*Benjamin v. Health and Hospitals Corp.*, Docket No. 07 cv 2487 (KAM) (LB),
2009 WL 2959622 (E.D.N.Y. September 11, 2009) ................................................................4

*Butts v. City of New York Dep't of Housing Preservation & Development*,
990 F.2d 1397 (2nd Cir. 1993)........................................................................................6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, (1986) ................................................3

*Gallagher v. Directors Guild of America, Inc.*, 533 N.Y.S.2d 863
(1st Dep't 1988)...........................................................................................................5

*Gallo v. Prudential Residential Services, Ltd. Partnership*, 22 F.3d 1219
(2nd Cir. 1994)............................................................................................................4

*F.D.I.C. v. National Union Fire Ins. Co. of Pittsburgh*, 205 F.3d 66
(2nd Cir. 2000)............................................................................................................4

*Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 138 (2nd Cir. 2001),
*cert. denied*, 537 U.S. 824, *abrogation recognized on other grounds*,
*Mathirampuzha v. Potter*, 548 F.3d 70 (2nd Cir. 2008)............................................................11

*Interboro Institute, Inc. v. Maurer*, 152 F.3d 918 (2nd Cir. 1998) ...........................................4

*Kwarren v. American Airlines*, 757 N.Y.S.2d 105 (2nd Dep't 2003).........................................5

*Ridgway v. Metropolitan Museum of Art*, Docket No. 06 cv 5055 (SAS),
2007 WL 1098737 (S.D.N.Y. April 10, 2007) .......................................................................4

*Spinale v. Guest*, 704 N.Y.S.2d 46 (1st Dep't 2000)..............................................................5

*Stordeur v. Computer Assocs. Int'l, Inc.*, 995 F.Supp. 94 (E.D.N.Y. 1998) ..............................5

Statutes                                                                 page

Fair Labor Standards Act, 29 U.S.C. § 206 ...............................................................8

Fair Labor Standards Act, 29 U.S.C. § 207 ...............................................................8

Fair Labor Standards Act, 29 U.S.C. § 215 .............................................................11

Fair Labor Standards Act, 29 U.S.C. § 255 ..........................................................8,11

Family and Medical Leave Act, 28 U.S.C. § 2615 ....................................................7

Family and Medical Leave Act, 28 U.S.C. § 2617 ....................................................7

N.Y. Civil Practice Law and Rules § 215 ..................................................................5

N.Y. Civil Service Law § 75-b ...................................................................................7

N.Y. Labor Law § 193 ..............................................................................................10

N.Y. Labor Law § 652 .............................................................................................8,9

N.Y. Worker's Compensation Law § 29 ................................................................4,11

N.Y. Worker's Compensation Law § 120 ...................................................................5

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5 .............................................6

**PRELIMINARY STATEMENT**

This is an employment action in which plaintiff Maya Gorelik raises the following claims, some of which contain class certification allegations, against defendants Home Attendant Services of Hyde Park ("HAS") and Lana Nemirovsky ("Ms. Nemirovsky"):

(1)     First Claim: retaliatory termination under New York Worker's Compensation Law;

(2)     Second Claim: intentional infliction of emotional distress under New York common law;

(3)     Third Claim: retaliatory termination under Title VII of the federal Civil Rights Act ("Title VII") and under the New York Civil Service Law;

(4)     Fourth Claim: retaliatory termination under the federal Family and Medical Leave Act ("FMLA");

(5)     Fifth Claim: unpaid wages and overtime under the federal Fair Labor Standards Act ("FLSA");

(6)     Sixth Claim: unpaid wages and overtime under the New York Labor Law and Minimum Wage Act;

(7)     Seventh Claim: racketeering under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO");

(8)     Eighth Claim: unpaid wages due to improper withholdings and kickbacks under New York Labor Law §§ 193 & 198-b;

(9)     Ninth Claim: unjust enrichment under New York common law;

(10)    Tenth Claim: negligent hiring and supervision under New York common law;

(11)    Eleventh Claim: retaliatory reduction in pay and termination under FLSA § 215;

(12)    Twelfth Claim: retaliatory reduction in pay and termination under New York Labor Law § 215.

Defendants submit this Memorandum of Law in support of their Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. As explained below, this Court should grant this Motion.

## PROCEDURAL HISTORY

On May 19, 2008, plaintiff filed her Complaint in this Court (the "Complaint"). [Complaint, Exh. A.]   On July 15, 2008, defendants served and filed their Answer, timely asserting the worker's compensation exclusive remedy bar and the applicable statutes of limitations as their Tenth and Fifteenth Affirmative Defenses, respectively.   [Answer p.9 Exh. B.]   On September 16, 2008, Magistrate Judge Levy held an Initial Conference Hearing.   On May 29, 2009, November 24, 2009, and February 23, 2010, Magistrate Judge Levy held Status Conferences.   On January 9, 2009, plaintiff brought a motion to certify a FLSA collective action, on July 16, 2009, Magistrate Judge Levy denied it, and plaintiff did not appeal.

Both sides have served written discovery demands and both sides have served responses and objections.   On December 3, 2009, plaintiff filed a letter "Motion to Compel" requesting the court to compel production of a list from HAS of their employees and employee contact information for class purposes, and defendants opposed on the ground that plaintiff had failed to make any proffer of the identities of any other putative class members and was on a speculative fishing expedition.   On March 12, 2010, Magistrate Judge Levy agreed with defendants and denied plaintiff's request for class discovery and stayed discovery pending this motion. Depositions have not yet been held because all parties wish to participate in mediation prior to incurring the expense of depositions.   Discovery was originally due to be completed on May 15, 2009 and was extended to September 30, 2009.   A new discovery end date (which would be the third) has not been set.

## STATEMENT OF FACTS

The undisputed facts are set forth in the accompanying Local Civil Rule 56.1 Statement of Undisputed Material Facts, Declaration of Elana Ben-Dov, Esq., and exhibits, and are summarized as pertinent in the Legal Argument below.

## LEGAL ARGUMENT

### SUMMARY JUDGMENT DISMISSING THE FIRST, SECOND, THIRD, FOURTH, SIXTH, TENTH, AND ELEVENTH CLAIMS IN THEIR ENTIRETY AND DISMISSING THE FIFTH AND EIGHTH CLAIMS IN PART IS APPROPRIATE BECAUSE PLAINTIFF CANNOT GENUINELY DISPUTE THAT THEY ARE BARRED AS A MATTER OF LAW

### I.   STANDARD FOR SUMMARY JUDGMENT.

Rule 56 of the Federal Rules of Civil Procedure states, in pertinent part:

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. ...

\*　　　\*　　　\*

(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

F.R.C.P. 56.

A non-moving party has created a genuine issue of material fact only if she has provided sufficient evidence to allow a jury to find in her favor at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986).  The non-moving party may not rest upon mere allegations or denials of his pleadings, and will not be permitted to defeat a properly documented summary judgment motion "without offering ... concrete evidence from which a reasonable jury could return a verdict in [her] favor." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514.

The moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986).  When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material

fact and a grant of summary judgment is proper. *Gallo v. Prudential Residential Services, Ltd. Partnership*, 22 F.3d 1219, 1224 (2nd Cir. 1994). Conclusory allegations, speculation, and conjecture are insufficient to create a genuine issue of fact. *Interboro Institute, Inc. v. Maurer*, 152 F.3d 918 (2nd Cir. 1998). Furthermore, unsubstantiated, self-serving testimony is not sufficient to create a genuine dispute of fact. *F.D.I.C. v. National Union Fire Ins. Co. of Pittsburgh*, 205 F.3d 66, 71 (2nd Cir. 2000).

In the instant case, plaintiff's First and Tenth Claims are barred by the exclusive remedy provisions of the New York Worker's Compensation Law; her First, Second, Third, Fourth, and Eleventh Claims are time-barred in whole by their respective statutes of limitation; her Fifth Claim is time-barred in part by its respective statute of limitation; her Sixth Claim is not actionable based on HAS's compliant certification; and her Eighth Claim does not allege a violation or damages for improper wage withholdings. Therefore, partial summary judgment on those Claims is proper.

**II.    THE FIRST CLAIM FOR RETALIATORY TERMINATION UNDER THE NEW YORK WORKER'S COMPENSATION LAW MUST BE DISMISSED AS BARRED UNDER ITS STATUTORY EXCLUSIVE REMEDY PROVISIONS AND AS TIME-BARRED.**

Plaintiff's First Claim asserts retaliatory termination under the New York Worker's Compensation Law. [Complaint ¶¶ 21-23, Exh. A.] The exclusive remedy for such claims is to bring them before the Worker's Compensation Board, and they are barred in federal court for lack of jurisdiction. N.Y. Worker's Compensation Law § 29(6) (2002) ("The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee ... ."); N.Y. Worker's Comp. Law § 120 (1989); *Benjamin v. Health and Hospitals Corp.*, Docket No. 07 cv 2487 (KAM) (LB), 2009 WL 2959622 *7 (E.D.N.Y. September 11, 2009); *Ridgway v. Metropolitan Museum of Art*, Docket No. 06 cv 5055 (SAS), 2007 WL 1098737 (S.D.N.Y. April

10, 2007).   Additionally, a cause of action for retaliatory termination under the New York

Worker's Compensation Law must be brought within two (2) years of termination.   N.Y.

Worker's Comp. Law § 120 (1989).

Plaintiff admits in her sworn Declaration under penalty of perjury that her last day of

employment was October 28, 2005.   [Pl.'s Decl. ¶ 2 sworn 1-8-2009, Exh. C.]   Accordingly, the

2-year statute of limitation began accruing on October 28, 2005 and expired no later than

October 28, 2007.   However, plaintiff filed the Summons & Complaint in this action on May 19,

2008, nearly six (6) months after the statute expired.   Therefore, plaintiff's First Claim should be

dismissed on summary judgment in its entirety as time-barred and barred by the exclusive

remedy provisions of the New York Worker's Compensation Law.

**III.     THE SECOND CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS MUST BE DISMISSED AS TIME-BARRED.**

Plaintiff's Second Claim asserts the tort of intentional infliction of emotional distress

under New York common law.   [Complaint ¶¶ 24-26, Exh. A.]   A cause of action for intentional

infliction of emotional distress must be brought within one (1) year of the alleged wrongful act

under the statute of limitation for common law intentional torts.   N.Y. C.P.L.R. § 215(3);

*Stordeur v. Computer Assocs. Int'l, Inc.*, 995 F.Supp. 94, 98 (E.D.N.Y. 1998); *Spinale v. Guest*,

704 N.Y.S.2d 46, 47 (1st Dep't 2000); *Gallagher v. Directors Guild of America, Inc.*, 533

N.Y.S.2d 863, 864-865 (1st Dep't 1988); *Kwarren v. American Airlines*, 757 N.Y.S.2d 105 (2nd

Dep't 2003).

Plaintiff admits in her sworn Declaration under penalty of perjury that her last day of

employment was October 28, 2005.   [Pl.'s Decl. ¶ 2 sworn 1-8-2009, Exh. C.]   Accordingly, the

1-year statute of limitation began accruing on October 28, 2005 and expired no later than

October 28, 2006.   However, plaintiff filed the Summons & Complaint in this action on May 19,

2008, nearly one and a half (1½) years after the statute expired.  Therefore, plaintiff's Second

Claim should be dismissed on summary judgment in its entirety as time-barred.

## IV.   THE THIRD CLAIM TO THE EXTENT IT ALLEGES RETALIATORY TERMINATION UNDER TITLE VII MUST BE DISMISSED AS TIME-BARRED.

Plaintiff's Third Claim asserts retaliatory termination under Title VII.  [Complaint ¶¶

27-33, Exh. A.]  Title VII provides, in pertinent part:

> A charge under this section shall be filed within one hundred and eighty days after
> the alleged unlawful employment practice occurred …, except that in a case of an
> unlawful employment practice with respect to which the person aggrieved has
> initially instituted proceedings with a State or local agency with authority to grant
> or seek relief from such practice or to institute criminal proceedings with respect
> thereto upon receiving notice thereof, such charge shall be filed by or on behalf of
> the person aggrieved within three hundred days after the alleged unlawful
> employment practice occurred, ….

42 U.S.C. § 2000e-5(e)(1) (1991).  A plaintiff is required to administratively exhaust a Title VII

claim before litigating it in court by filing an administrative complaint or charge with the EEOC

or correlative state or local agency within 300 days of the alleged discriminatory act.  *Butts v.*

*City of New York Dep't of Housing Preservation & Development*, 990 F.2d 1397, 1401 (2nd Cir.

1993).  Accordingly, a cause of action for retaliatory termination under Title VII must be filed

within 300 days after termination.

Plaintiff admits in her sworn Declaration under penalty of perjury that her last day of

employment was October 28, 2005.  [Pl.'s Decl. ¶ 2 sworn 1-8-2009, Exh. C.]  Accordingly, the

300-day statute of limitation began accruing on October 28, 2005 and expired no later than

August 24, 2006.  However, plaintiff filed the Summons & Complaint in this action on May 19,

2008, more than one and a half (1½) years after the statute expired.  Therefore, plaintiff's Third

Claim should be dismissed on summary judgment in its entirety as time-barred.

**V.     THE THIRD CLAIM TO THE EXTENT IT ALLEGES RETALIATORY
        TERMINATION UNDER THE NEW YORK CIVIL SERVICE LAW MUST
        BE DISMISSED.**

Plaintiff's Third Claim also asserts retaliatory termination under the New York Civil

Service Law, although this appears to be a pleading error since plaintiff was not a public

employee.  [Complaint ¶¶ 27-33, Exh. A.]   The New York Civil Service Law is defined to

exclude, not cover, private employers and private employees.  N.Y. Civil Service Law § 75-b

(1986).   Plaintiff admits in her sworn Declaration under penalty of perjury that HAS employed

her from on or about April 18, 2001 until October 28, 2005.  [Pl.'s Decl. ¶ 2 sworn 1-8-2009,

Exh. C.]  Plaintiff also alleged in the Complaint that HAS was her employer.  Nowhere does

plaintiff allege, nor can she, that she was an employee of any public entity.  Plaintiff cannot

dispute that HAS is a privately-owned and operated nonprofit business organization incorporated

under New York law, and she cannot dispute that HAS is not a governmental agency nor other

type of public entity.  [NYS Dep't of State Entity Information, Exh. D.]  Therefore, this appears

to be a pleading error, and plaintiff's Third Claim should be dismissed on summary judgment

in its entirety.

**VI.    THE FOURTH CLAIM FOR RETALIATORY TERMINATION UNDER THE
        FMLA MUST BE DISMISSED AS TIME-BARRED IN ITS ENTIRETY.**

Plaintiff's Fourth Claim asserts retaliatory termination under the FMLA.  [Complaint

¶¶ 34-41, Exh. A.]  A cause of action for retaliatory termination under the FMLA must be

brought within two (2) years of termination for non-willful violations and within three (3) years

of termination for willful violations.  28 U.S.C. § 2615 (1993); 28 U.S.C. §§ 2617(c)(1)&(2)

(2004 version).  Plaintiff admits in her sworn Declaration under penalty of perjury that her last

day of employment was October 28, 2005.  [Pl.'s Decl. ¶ 2 sworn 1-8-2009, Exh. C]  Plaintiff

does not claim in her Complaint that any alleged FMLA violations were willful.  [Complaint ¶¶

34-41, Exh. A.]  Accordingly, the 2-year statute of limitation for non-willful violations began accruing on October 28, 2005 and expired no later than October 28, 2007, and the 3-year statute of limitation does not apply.  However, plaintiff filed the Summons & Complaint in this action on May 19, 2008, nearly six (6) months after the statute expired.  Therefore, plaintiff's Fourth Claim should be dismissed on summary judgment in its entirety as time-barred.

**VII.  THE FIFTH CLAIM FOR UNPAID WAGES AND OVERTIME UNDER THE FLSA MUST BE DISMISSED AS TIME-BARRED TO THE EXTENT IT ALLEGES NON-WILLFUL VIOLATIONS.**

Plaintiff's Fifth Claim asserts unpaid wages and overtime under the FLSA. [Complaint ¶¶ 42-46, Exh. A.]  A cause of action for unpaid wages and overtime under the FLSA must be brought within two (2) years of the last wrongful act for non-willful violations and within three (3) years of the last wrongful act for willful violations.  29 U.S.C. § 206 (1996 version); 29 U.S.C. § 207 (2000); 29 U.S.C. § 255(a) (1974).  Plaintiff admits in her sworn Declaration under penalty of perjury that her last day of employment was October 28, 2005. [Pl.'s Decl. ¶ 2 sworn 1-8-2009, Exh. C.]  Accordingly, the 2-year statute of limitation for non-willful violations began accruing on October 28, 2005 and expired no later than October 28, 2007.  However, plaintiff filed the Summons & Complaint in this action on May 19, 2008, nearly six (6) months after the statute expired.  Therefore, plaintiff's Fifth Claim should be dismissed on summary judgment to the extent that it asserts any non-willful violations.

**VIII.  THE SIXTH CLAIM FOR UNPAID WAGES AND OVERTIME UNDER THE NEW YORK MINIMUM WAGE LAW MUST BE DISMISSED.**

Plaintiff's Sixth Claim also asserts unpaid wages and overtime under the New York Minimum Wage Act.  [Complaint ¶¶ 47-49, Exh. A.]  The New York Minimum Wage Act provides, in pertinent part:

> Option available to non-profitmaking institutions. The provisions of any wage order issued under this article shall not apply, however, to any non-profitmaking

institution which pays and continues to pay to each of its employees in every occupation a wage, exclusive of allowances, of not less than the minimum wage provided in subdivision one of this section provided that such institution had certified under oath to the commissioner, on or before September first, nineteen hundred sixty, that on or before October first, nineteen hundred sixty it would pay and thereafter intended to pay such wage to each of its employees in every occupation and provided further that all the provisions of this article have not become applicable to such institution by operation of paragraph (c) of this subdivision. If such institution was not organized or did not hire any employees as defined in subdivision five of section six hundred fifty-one of this chapter before September first, nineteen hundred sixty, such provisions shall not apply so long as, commencing six months after it was organized, or first employed such employees it paid and continues to pay such wage to each of its employees in every occupation, provided that such institution certified under oath within six months after it was organized or first employed such employees that it would pay and thereafter intended to pay such wage to each of its employees in every occupation and provided further that all the provisions of this article have not become applicable to such institution by operation of paragraph (c) of this subdivision.

N.Y. Labor Law § 652(3)(b) (2004).  Plaintiff cannot dispute that HAS is a privately-owned and operated nonprofit business organization incorporated under New York law, and she cannot dispute that HAS is not a governmental agency nor other type of public entity. [NYS Dep't of State Entity Information, Exh. D.] She also cannot dispute that, on or about April 9, 1980, HAS timely and properly filed a certifying Statement of Non-Profitmaking Institution. [Statement of Non-Profitmaking Institution, Exh. E.] She further cannot and does not dispute that she never paid any bribes, and that none were withheld from her wages, so her wage never fell below the statutorily required minimum. [Complaint ¶ 8, Exh. A.] Accordingly, HAS has complied with this statutory option and is not required to pay plaintiff or any other employees overtime under the New York Minimum Wage Act as a matter of law.  Therefore, plaintiff's Sixth Claim should be dismissed on summary judgment in its entirety.

## IX.   THE EIGHTH CLAIM UNDER THE NEW YORK LABOR LAW MUST BE DISMISSED TO THE EXTENT IT ALLEGES IMPROPER WITHHOLDINGS.

Plaintiff's Eighth Claim also asserts unpaid wages on the ground that alleged kickbacks and/or bribes were improperly deducted and withheld from her wages and under the New York Labor Law. [Complaint ¶¶ 56-59, Exh. A.] The New York Labor Law provides, in pertinent part:

> 1. No employer shall make any deduction from the wages of an employee, except deductions which:
>
> > a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
> >
> > b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.
>
> 2. No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. Labor Law § 193 (1974). Plaintiff expressly concedes in her Complaint that "[she] has never given bribes to defendant supervisors employed by defendant HAS". [Complaint ¶ 8, Exh. A.] In fact, plaintiff affirmatively alleges that she was retaliated against *because* she refused to pay any alleged bribes. [Complaint ¶¶ 8-9, Exh. A.] Accordingly, there were no improper withholdings, and she has no damages under this statute. Therefore, plaintiff's Eighth Claim should be dismissed on summary judgment in its entirety.

**X.     THE TENTH CLAIM FOR NEGLIGENT HIRING AND SUPERVISION UNDER NEW YORK COMMON LAW MUST BE DISMISSED AS BARRED UNDER THE EXCLUSIVE REMEDY PROVISIONS OF THE NEW YORK WORKER'S COMPENSATION LAW.**

Plaintiff's Tenth Claim also asserts negligent hiring and supervision under New York common law. [Complaint ¶¶ 63-71, Exh. A.] Because plaintiff, as a former employee of HAS, is asserting a claim sounding in negligence against her former employer, this is barred under the exclusive remedy provisions of the New York Worker's Compensation Law, which provides, in pertinent part, "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee ... ." N.Y. Worker's Compensation Law § 29(6) (2002); *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 138 (2nd Cir. 2001), *cert. denied*, 537 U.S. 824, *abrogation recognized on other grounds, Mathirampuzha v. Potter*, 548 F.3d 70 (2nd Cir. 2008). Plaintiff admits in her sworn Declaration under penalty of perjury that she was an employee of HAS. [Pl.'s Decl. ¶ 2 sworn 1-8-2009, Exh. C.] She cannot genuinely dispute that the alleged negligent acts occurred within the scope of her employment. Therefore, plaintiff's Tenth Claim should be dismissed on summary judgment in its entirety barred under the exclusive remedy provisions of the New York Worker's Compensation Law.

**XI.    THE ELEVENTH CLAIM FOR RETALIATORY REDUCTION IN PAY AND TERMINATION UNDER THE FLSA MUST BE DISMISSED AS TIME-BARRED IN ITS ENTIRETY.**

Plaintiff's Eleventh Claim asserts retaliatory reduction in pay and termination under the FLSA. [Complaint ¶¶ 72-78, Exh. A.] A cause of action for unpaid wages and overtime under the FLSA must be brought within two (2) years of termination for non-willful violations and within three (3) years of termination for willful violations. 29 U.S.C. § 215(a)(3) (1950); 29 U.S.C. § 255(a) (1974). Plaintiff admits in her sworn Declaration under penalty of perjury that her last day of employment was October 28, 2005. [Pl.'s Decl. ¶ 2 sworn 1-8-2009, Exh. C.]

Plaintiff does not claim in her Complaint that this alleged FLSA violation was willful. [Complaint ¶¶ 72-78, Exh. A.]   Accordingly, the 2-year statute of limitation for non-willful violations began accruing on October 28, 2005 and expired no later than October 28, 2007, and the 3-year statute of limitation does not apply.   However, plaintiff filed the Summons & Complaint in this action on May 19, 2008, nearly six (6) months after the statute expired. Therefore, plaintiff's Eleventh Claim should be dismissed on summary judgment in its entirety as time-barred.

**CONCLUSION**

In sum, defendants respectfully request this Court to grant this Motion for Summary Judgment, dismiss the First, Second, Third, Fourth, Sixth, Tenth, and Eleventh Claims in their entirety, dismiss the Fifth and Eighth Claims in part, direct plaintiff to file an Amended Complaint eliminating the dismissed causes of action and eliminating the references to similarly situated parties, and award defendants any other proper relief.

Dated:  April 22, 2010                          PECKAR & ABRAMSON, P.C.
                                                *Counsel for Defendants*


By:  _____
     Elana Ben-Dov, Esq. (EB-6795)